# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LETA WRIGHT, )
)
        Plaintiff, )
)
v. ) Case No. CIV-10-170-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff Leta Wright (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 5, 1964 and was 45 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a bakery clerk, stock clerk, fast food worker, and computer operator.

Claimant alleges an inability to work beginning September 17, 2002 due to limitations resulting from an injury to her back, left ankle, left foot, Lupus, and anxiety.

**Procedural History**

On September 15, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On October 12, 2006, an administrative hearing was held before ALJ Gene M. Kelly in Tulsa, Oklahoma. On December 27, 2006, the ALJ issued an unfavorable decision on Claimant's application. On August 4, 2007, the Appeals Council denied review of the ALJ's decision. The decision, however, was reversed and the case remanded by this Court.

A second hearing was conducted by ALJ Kelly on September 1, 2009 in Tulsa, Oklahoma. On October 20, 2009, the ALJ issued another unfavorable decision. On March 8, 2010, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

4

impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to find Claimant met a listing; (2) failing to accord substantial weight to the opinions of Claimant's treating physicians; and (3) finding Claimant retained an RFC to perform medium work.

**Meeting a Listing**

Claimant first contends the ALJ failed to adequately discuss the basis for his finding that Claimant did not meet a listing. The ALJ found Claimant suffered from the severe impairments of back problems and left foot and ankle problems. (Tr. 356). Claimant underwent a lumbar interbody and lateral mass fusions at L5-S1 in December of 2002. The surgery was performed by Dr. David Hicks. (Tr. 205). On June 2, 2003, Dr. Hicks released Claimant to work with the permanent restrictions of no lifting or carrying over 30 pounds, no excessive bending or twisting, no climbing a ladder, occasional stooping and bending. (Tr. 195). Claimant was noted to be working with the restrictions and "doing reasonably well." (Tr. 194).

The ALJ noted in his decision that Claimant returned to work

5

under Dr. Hicks' restrictions, but was laid off "because they did not have anything for her to do." (Tr. 358). Claimant was evaluated by Dr. Richard Hastings and he issued a report on his findings on July 11, 2003. Dr. Hastings found Claimant had lumbar range of motion, flexion 20 degrees, extension 5 degrees, right lateral flexion 10 degrees, and left lateral flexion of 10 degrees. (Tr. 235). He concluded Claimant "should undergo a course of vocational rehabilitation in conjunction with a full functional capacity evaluation and the Dictionary of Occupational Titles in order to learn a more sedentary type of employment." (Tr. 237).

With regard to consideration at step three of whether Claimant met a listing, the ALJ acknowledged the requirements of Listing 1.04 for disorders of the spine. He then concluded that "[t]hrough the date of last insured of December 31, 2002, the claimant did not meet or equal this listing. Even though she did have problems associated with this listing. Her surgeries were able to correct the problems at that time. This conclusion is supported by the medical evidence of record as set out and discussed below this opinion." (Tr. 357).

While the ALJ could have been clearer in the evidence considered under Listing 1.04, this Court cannot conclude it represented error. In asserting a condition meets a listing, a

6

claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant did not satisfy her burden to demonstrate she met the specified listing in this regard as the ALJ's findings are consistent with the opinion of Dr. Hicks.

### Treating Physician's Opinion

Claimant next asserts that the ALJ failed to give appropriate weight to the opinion of her treating physician Dr. Roger Kinney and his assistant Mr. Bill Evans. The ALJ acknowledged that Claimant had been treated by Dr. Kinney for eight years, but had only seen Dr. Kinney a couple of times. She was assigned to Mr. Evans the remainder of her visits. (Tr. 358). On October 6, 2010, Dr. Kinney wrote a letter to Claimant's attorney stating that in his opinion, Claimant in December of 2002 could not sit for more than 30 minutes at a time and stand or walk greater than 30 minutes at a time. Dr. Kinney also opined that Claimant could not sit, stand or walk for greater than one hour during an 8 hour workday for each activity. He also stated that Claimant could only lift and carry 0-5 pounds infrequently and was never to lift or carry over 6-10 pounds. He restricted Claimant from being able to

7

utilize her upper extremities for repetitive motion or movement including but not limited to grasping, gripping, pushing or pulling. (Tr. 311).

In his decision, the ALJ found

> a considerable difference between Dr. Hicks (sic) restrictions and Dr. Kenny s (sic) restrictions. The claimant did testify she had only seen Dr. Kenny (sic) a couple of times and she was referred to a physician s (sic) assistant, Mr. Evans. The undersigned has determined, considering the fact that Dr. Hicks is a (sic) orthopedic surgeon, his opinions would take precedence over the opinion of a physician s (sic) assistant and those of a doctor who has only seen the claimant a couple of times during the last eight years.

(Tr. 359).

The ALJ went further and gave "considerable weight" to the Physical Residual Functional Capacity Assessment form completed by the DDS physician, Dr. Vallis D. Anthony. Dr. Anthony found Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8 hour workday, sit for about 6 hours in an 8 hour workday, and push and/or pull without limitation. (Tr. 242).

One of the primary bases for the reversal of the ALJ's prior decision rendered in Claimant's case was the fact he did not discuss the reason he preferred Dr. Hicks' opinion over that provided by another treating physician, Dr. Kinney. Moreover, the ALJ did not discuss the weight that should have been provided to

8

the opinions of Mr. Evans as an "other source." (Tr. 382-84). Little has changed in the current decision rendered by the ALJ to explain his preferential treatment of Dr. Hicks' opinion, other than to state that Dr. Kinney did not see Claimant over two times - which is but one of the factors to consider in assessing the weight the opinion of a treating physician should be afforded. Additionally, the ALJ has now stated he gave "considerable weight" to the opinion of a DDS doctor over that of a treating physician, Dr. Kinney.

In evaluating the opinions of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors

9

provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

On remand, the ALJ shall (1) evaluate Dr. Kinney's opinion

utilizing all of the factors that apply under the Watkins analysis; (2) state the basis for affording a non-treating DDS physician "considerable weight" over that of Dr. Kinney, other than the physician's opinion supports denial of disability alone; and (3) evaluate and state the specific weight afforded the opinion of Mr. Evans as an "other source."

**RFC Evaluation**

Claimant also contends the ALJ's RFC assessment was flawed since it did not consider the limitations imposed by the opinion of Dr. Kinney. Indeed, the vocational expert stated that no jobs existed in the regional and national economies if Dr. Kinney's restrictions on Claimant were considered. (Tr. 455). On remand, the ALJ shall re-evaluate his RFC findings in light of his reconsideration of the opinions of Dr. Kinney and Mr. Evans.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of August, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE