# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LETA WRIGHT,                         )
                                     )
    Plaintiff,                     )
                                     )
v.                                   )    No. CIV-10-170-FHS-KEW
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security Administration,             )
                                     )
    Defendant.                     )

## ORDER

In this action under the Social Security Act, Plaintiff, through her attorney, has moved the court for an award of attorney's fees and costs pursuant to the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff seeks and attorney's fee award in the amount of $4,654.00 and a cost award in the amount of $366.77. In its response, the government does not object to Plaintiff's entitlement to an attorney's fee, but does object to the amount of time for which compensation is sought in connection with the request for attorney's fees. Plaintiff has not filed a reply to the government's response. The government does not object to Plaintiff's requested amount of $366.77 for costs. For the reasons stated below, the Court finds that Plaintiff's motion for EAJA fees and costs should be granted to the extent that Plaintiff is awarded attorney's fees in the amount of $4,103.80 and costs in the amount of $366.77.

Initially, the Court notes that it is somewhat hampered in its evaluation by Plaintiff's counsel's failure to submit contemporaneous time records. The application for attorney's fees merely lists the tasks performed with corresponding time increments. No date is provided for the particular tasks nor is there any indication of who performed the task. Counsel's

recitation of the time spent on this case is not the same as the submission of contemporaneous time records.  Counsel is advised to keep, maintain, and submit contemporaneous time records for future applications.  Notwithstanding counsel's failure in this regard, the Court can address the government's objections.  First, the government objects to counsel's requested $179 per hour rate for all tasks performed.  From a review of the docket sheet in this case, the Court can determine that counsel's work was performed in both 2010 and 2011.  The hourly rate for 2010 stipulated to by the government in social security cases is $175.00.  The stipulated hourly rate for 2011 is $179.00.  A review of Plaintiff's application and the docket sheet in this case reveal that 2.2 hours were spent in 2011 and 23.8 hours were spent in 2010.  Consequently, the Court will apply the $175.00 per hour rate to the 2010 hours and the $179.00 per hour rate to the 2011 hours.

The government also takes issue with 2.6 hours of time requested by counsel for the tasks associated with the preparation of summons and the civil cover sheet, and the review and submission to the court of the return on service of summons.  The government contends these activities are clerical in nature and could have been performed by support staff.  From a review of Plaintiff's application it appears these tasks were attributed to counsel and compensation is sought based on counsel's hourly rate.  The Court agrees with the government and finds these tasks are clerical in nature and not properly included in the attorney's fee award. <u>Brandt v. Astrue</u>, 2009 WL 1727472 (D. Or.) ("Preparing a summons and civil cover sheet with attachment is primarily clerical in nature" and not reimbursable as it is "considered [an] overhead expense[] reflected in an attorney's hourly billing rate."); <u>Coughlin v. Astrue</u>, 2009 WL 316 5744 (N.D. N.Y.)(drafting a summons and complaint, making copies for filing, and preparing civil cover sheet are clerical tasks).  Consequently, the Court will reduce Plaintiff's requested hours by 2.6 hours to account for these

clerical tasks performed in 2010.

Taking into consideration the valid objections by the government, the Court finds that Plaintiff is entitled to an attorney's fee award in the amount of $4,103.80 (2010 hours of 21.2 (23.8-2.6) x $175.00 + 2011 hours of 2.2 x $179.00). Plaintiff is also entitled to recover costs in the amount of $366.77.

This award is to be made payable to Plaintiff, not Plaintiff's counsel or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. § 2412(a)(1) and (d)(1)(A) provide for an award of costs and attorney's fees to a "prevailing party." Astrue v. Ratliff, 130 S.Ct. 2521, 2525-29 (2010)(holding that section 2412(d)(1)(A) attorney's fees award is payable to the litigant and is subject to an offset where the litigant has outstanding federal debts); Manning v. Astrue, 510 F.3d 1246, 1249-55 (10th Cir. 2007), cert. denied, 129 S.Ct. 486 (2008)(the plain language of the EAJA, its legislative history, and case law dictate that an award of attorney's fees under the EAJA belongs to, and is made payable to, the prevailing party). Should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), he should take the necessary steps to assure compliance with the refund requirements as outlined in Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

It is so ordered this 9th day of November, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma